IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA ASHBY, | ) | |
| | ) | |
| Plaintiff, | ) | 1:15-cv-06531 |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST FIDELITY SERVICES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, CHRISTINA ASHBY, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, MIDWEST FIDELITY SERVICES, LLC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CHRISTINA ASHBY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Rockford, County of Winnebago, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Uncle Warbucks (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Uncle Warbucks was for a loan, the funds from which were used for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MIDWEST FIDELITY SERVICES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Kansas. Defendant is registered as a limited liability company in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

14. On or about May 11, 2015, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff.

15. Defendant placed the aforesaid telephone call to Plaintiff at approximately 9:45 a.m.

16. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that she was at work and that her employer does not permit her to accept calls of such nature while she is at work.

17. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that she ends work at 4:00 p.m., and requested that Defendant called her after she gets off from work.

18. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that it was inconvenient for her to receive calls from Defendant during the morning and at any time during a weekday before 4:00 p.m., as she is at work and her employer does not permit her to take calls such as those from Defendant while she is at work.

19. On or about May 15, 2015, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, and despite being unequivocally informed that it was inconvenient for Plaintiff to accept calls from Defendant in the morning, Defendant's duly authorized representative that her previously contacted her proceeded to initiate another telephone call to Plaintiff at approximately 9:45 a.m., despite knowing that Plaintiff was at work and could not talk to Defendant.

20. In its attempts to collect the debt allegedly owed by Plaintiff to Uncle Warbucks, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

21. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTINA ASHBY, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CHRISTINA ASHBY**

By: s/ David M. Marco
 Attorney for Plaintiff

Dated: July 27, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com